OPINION OF THE COURT
Paul T. D’Amaro, J.

Findings of Fact.

The defendant was indicted on November 14, 1973 by the Grand Jury, charged with robbery in the first degree, robbery in the second degree and grand larceny in the third degree. In all postindictment proceedings the defendant was represented by counsel.
On May 4, 1976 the Court of Appeals suppressed admissions made by the defendant and vacated his plea of guilty to robbery in the third degree. On June 21, 1976 the defendant again pleaded guilty to robbery in the third degree and was sentenced on December 10, 1976. On December 14, 1976 the defendant filed a notice of appeal. Defendant makes this application pursuant to CPL 440.10 to set aside his conviction and sentence. His application is based upon his contention that a further presentation to the Grand Jury was necessary because of the determination of the Court of Appeals. No such *956 application was made by the defendant prior to sentencing by this court.

Conclusions of Law.

Pursuant to provisions of CPL 440.10 (subd 2, par [b]), wherein it states: ”[T]he court must deny a motion to vacate a judgment when: * * * [t]he judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal”.
Since the defendant has in fact filed a notice of appeal and the defendant may have a sufficient record to raise this question on appeal, this application must be denied. Furthermore, CPL 440.10 (subd 3, par [a]) states: "[T]he court may deny a motion to vacate a judgment when: [although facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined upon appeal.”
The defendant failed, prior to pleading and judgment, to make a motion to dismiss the indictment pursuant to CPL 210.20. Such a motion must be made prior to the entry of judgment, CPL 255.20 (subd 1). The court finds that the defendant unjustifiably failed to make the appropriate application within the time afforded to him under the statute and the court further decides that it lacks jurisdiction to entertain this motion after the entry of judgment.
For the foregoing reasons, this application is denied.